## Commonwealth, ex rel., v. Harris

*Shapiro & Sigal,* for Commonwealth.
*J. Clark Stewart,* for defendant.

MUSMANNO, J., March 15, 1935.—Frank Kholas was arrested by the Wilkinsburg police, charged with violating an ordinance of the borough which prohibits loitering, and lodged in the borough jail. On a writ of habeas corpus he has been brought before this court for a determination of the lawfulness of his detention. We find that his arrest and incarceration are contrary to law.

Frank Kholas was not loitering but picketing. As a member of local No. 18300 of the Cleaners and Dyers Union, affiliated with the American Federation of Labor, he was engaged in picketing an establishment of a certain Howard store, the employes of which, belonging to this union, had gone on strike. Kholas paced before this business house in an orderly and peaceable manner. He bore a sign informing the public that the members of his union were on strike. This he had the right to do. The law of the Commonwealth and of the nation protect him in this right.

The stationing of men at or near a plant or shop of the party with whom its workmen have a dispute, to induce other workmen to withdraw from or not to enter its em-

ploy, or to induce its customers or the general public to abstain from public relations with it, is a prerogative of the workingman which will be protected by this court.

Picketing is a concomitant of the right to organize. And the right of workingmen to organize into associations, and as individuals or as an organization to cease work for any employer, and to use all lawful and peaceful means to induce others to refuse to work for such employer, is a right that cannot be questioned. To say that workingmen have the right to organize and form labor unions, and then deny them the right to picket when they are offended, is equivalent to authorizing a watchman to carry a whistle but to prohibit him from blowing it. Picketing is the articulation of the workingman's protest.

Picketing is a specific appeal to the public for their approbation and support. It intends to inform the public of the workingman's grievance. No one would dare suggest that labor has not the right by speech to tell the world of its complaints. Picketing differs only in form from free speech, a right guaranteed by the constitution. Picketing is peripatetic free speech, and when conducted in a peaceable manner is not subject to prohibitory regulation by municipal ordinance. A municipal ordinance cannot supersede the constitution and the law of the land.

The ordinance under which the relator was arrested, provides that "All persons loitering upon the streets and sidewalks of the borough to the annoyance of the public or after orders to move given by the police shall be deemed disorderly persons and guilty of disorderly conduct." To declare picketing "loitering" is to confuse language. To loiter is to consume time idly, to loaf and dawdle purposely, to lounge, trifle and annoy others with one's indolence and immobility. This certainly is not picketing. Picketing is not loafing; it is not immobility; it is not indolence; it is not purposeless. Picketing is to patrol with a definite, purposeful object, an object recognized and protected by the law of the land.

It is the opinion of this court, and we so hold, that it is unlawful to arrest pickets under the ordinance cited. It is the opinion of this court, and we so hold, that Frank Kholas was illegally deprived of his liberty, and must be released forthwith. Frank Kholas is discharged.